IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 29, 2001 Session

## LINDA F. GREENE v. DR. WOODY STINSON, D.D.S.

**Appeal from the Circuit Court for Jefferson County**
**No. 16,369-I      William M. Dender, Judge**

### FILED DECEMBER 3, 2001

### No. E2001-00628-COA-R3-CV

The plaintiff was under the care of the defendant dentist for the crowning of six teeth.  As a part of this procedure, the defendant placed a "tray" filled with impression material in her mouth.  The plaintiff claims that she swallowed some of the impression material which, according to her, later had to be surgically removed from her intestines.  She sued the dentist, alleging that he violated the applicable standard of care in a number of ways.  The court below granted the defendant summary judgment based, in part, on its finding that the defendant did not know the plaintiff had swallowed impression material.  The trial court also held that the plaintiff's expert was not qualified to offer an opinion as to the applicable standard of care in Jefferson County.  The plaintiff appeals, arguing that the defendant is not entitled to summary judgment because, she argues: 1) the record contains evidence that the defendant was aware that the plaintiff had swallowed the impression material; and 2) her expert was qualified to offer his opinion as to the standard of care.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J., joined.  HOUSTON M. GODDARD, P.J., filed a dissenting opinion.

Kenneth K. Kennedy, Knoxville, Tennessee, for the appellant, Linda F. Greene.

Darryl G. Lowe, Knoxville, Tennessee, for the appellee, Dr. Woody Stinson, D.D.S.

### OPINION

I.

Linda F. Greene went to the office of her dentist, Dr. Woody Stinson, for the purpose of having an impression made of her mouth as part of a procedure to crown six of her teeth.  Stinson placed a tray containing impression material into Greene's mouth.  According to Greene, a substantial amount of the material went into her throat, causing her to gag and to swallow part of the

material. Greene testified that after swallowing the material, she told Stinson, "a big bunch of that stuff went down my throat." However, because Stinson did not respond, Greene testified that she did not know whether he heard what she had said.

For several days after the impression was made, Greene suffered extreme pain in her lower abdominal area. Five days after she had seen Dr. Stinson, she was admitted to Lakeway Regional Hospital where she underwent abdominal surgery. During the surgery, two "foreign objects," each approximately seven centimeters in length, were removed from her intestines. These objects had perforated the wall of Greene's intestines, resulting in an abscess. There is no evidence in the record that the "foreign objects" were the remnants of the impression material.

Greene filed a complaint in the trial court, alleging that Stinson acted negligently in his care and treatment of her. Green alleged that Stinson was negligent in failing to properly treat and evaluate her condition after she told him that she had swallowed an excessive amount of impression material. She alleged that he deviated from the recognized standard of acceptable dental care in Jefferson County. Specifically, she alleged that Stinson failed to properly warn her of the risk of swallowing impression material, failed to obtain her informed consent, and failed to take sufficient action to treat her after learning that she had swallowed impression material.

Stinson filed a motion for summary judgment. In support of his motion, he provided his own affidavit plus the affidavits of two other dentists, Dr. Richard J. Miller and Dr. Larry Colin. The affidavits assert that Stinson did not deviate from the applicable standard of care in his treatment of Greene.

In response to Stinson's motion, Greene submitted the affidavit of Dr. Thomas J. David, a dentist from Atlanta, Georgia. In his affidavit, David opined that Stinson deviated from the appropriate standard of care, thereby causing Greene's injuries which required her to undergo surgery.

The trial court ruled that Greene's claims of failure to warn and failure to obtain informed consent were negated by Stinson's proof. Greene has not appealed these two rulings. As to Greene's claim that Stinson failed to properly treat her following her ingestion of impression material, the trial court delayed its ruling to permit the defendant to take the deposition of Dr. David. After Dr. David's deposition was taken, Greene submitted David's supplemental affidavit, in which he recites statistical data with respect to dental practice and hospitals in Jefferson County and asserts that he is familiar with many counties similar to Jefferson County.

After reviewing David's deposition and supplemental affidavit, the trial court granted Stinson summary judgment. In its judgment, the trial court opined as follows:

> the court is of the opinion that the Motion for Summary Judgment is
> well taken due to the fact that Dr. David had not been demonstrated
> to be a competent witness qualified to testify as to the standard of

-2-

care in the case. The Court further finds that there is no evidence on the record...that Dr. Stinson knew that Plaintiff Linda Greene swallowed impression material and without proof that he had such knowledge, the standard of care that Plaintiff's expert relies upon...would not be applicable, and therefore the Court finds that even if Plaintiff's expert was competent and qualified to state the applicable standard of care, that standard of care is not applicable to the undisputed facts in this case and Defendant would be entitled to summary judgment as a matter of law.

Greene appeals, raising the following issues:

Does the record reflect a genuine dispute as to whether Stinson was aware that Greene swallowed impression material?

Did the trial court err in determining that Dr. Thomas David, D.D.S., of DeKalb County, Georgia, was not a competent witness under T.C.A. § 29-26-115 to testify as to the standard of care in this case?

## II.

In deciding whether a grant of summary judgment is appropriate, courts are to determine "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. When presented with a summary judgment motion, the trial court "must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Byrd v. Hall*, 847 S.W.2d 208, 210-11 (Tenn. 1993). If there is a dispute as to any material fact, the motion for summary judgment must be denied. *Id.* at 211. A material fact is one that must be decided in order to resolve the claim or defense at which the motion is aimed. *Id.*

The party seeking summary judgment has the initial burden of demonstrating that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. *Id.* at 215. Generally speaking, this burden may be met by either affirmatively negating an essential element of the non-moving party's claim or by conclusively establishing an affirmative defense. *Id.* at 215 n.5. Once the moving party satisfies its burden, the burden then shifts to the nonmoving party to establish that there are disputed material facts creating genuine issues that must be resolved by the trier of fact. *Id.* at 215.

Since summary judgment presents a pure question of law, our review is *de novo* with no presumption of correctness as to the trial court's judgment. *Hembree v. State*, 925 S.W.2d 513, 515 (Tenn. 1996).

III.

A.

The trial court found that "there is no evidence on the record presented to the Court that Dr. Stinson knew that Plaintiff Linda Greene swallowed impression material." Greene argues that the trial court erred in making this finding because, so the argument goes, the record contains evidence that Stinson knew that Greene swallowed some of the impression material. In support of this argument, Greene relies upon Stinson's affidavit in which he states that he knew Greene was gagging somewhat when he placed the impression tray in her mouth. Greene also relies upon her own deposition testimony in which she states that she told Stinson, "[a] big bunch of that stuff went down my throat." However, Greene also testified, "I don't know if he heard me or what, but he didn't say anything." Greene argues that taking all of this information together, it is clear that Stinson knew that she swallowed the impression material. We disagree.

We find that based upon the record before us, Stinson did not know that Greene swallowed the impression material. According to Greene's deposition testimony, Stinson made no response to her after she remarked that she had swallowed the material. Even though Stinson acknowledges in his affidavit that Greene had gagged during the procedure, he indicates that he did not know that Greene swallowed impression material. Furthermore, there is nothing in the record establishing that gagging under these circumstances would indicate that a patient has swallowed impression material. In his response to interrogatories, Stinson states that because Greene appeared to gag during the procedure, he asked her if she swallowed any of the material, and she responded that she did not believe that she had. The record reveals that Greene does not refute that she made this response. Finally, Stinson stated in his affidavit that

> I complied with the standard of care by carefully checking the impression tray and Plaintiff's mouth, and there was no evidence or indication of extrusion of impression material from the tray which could have been swallowed.

Based on his affidavit, Stinson's testimony is that he did not know that Greene swallowed any impression material. Greene has failed to rebut that. Therefore, we are left with the established fact that Stinson did not know that Greene swallowed impression material. The portion of the plaintiff's complaint that is still viable on this appeal is based on her theory that the defendant failed to take appropriate action after learning that his patient had swallowed impression material. Since the predicate for his alleged negligence is negated on the record before us, we do not reach the issue of what is required, if anything, in the event a dentist determines that his or her patient has swallowed impression material.

B.

The trial court also found that summary judgment was appropriate because "Dr. David has not been demonstrated to be a competent witness qualified to testify as to the standard of care in this case." Furthermore, the court found that without proof that Stinson knew that Greene swallowed the impression material,

> the standard of care that Plaintiff's expert relies upon...would not be
> applicable, and therefore the Court finds that even if Plaintiff's expert
> was competent and qualified to state the applicable standard of care,
> the standard is not applicable to the undisputed facts in this case and
> Defendant would be entitled to summary judgment as a matter of law.

We agree with the trial court. Because David's testimony is directed to the appropriate standard of care for dentists who discover that a patient has swallowed a "foreign body," his testimony is predicated on the fact that Stinson was aware that Greene swallowed the impression material. Given the established fact that Stinson did not know Greene swallowed impression material, David's opinion addresses a factual pattern that is not before us. Hence, his opinion is not material. Therefore, it is not necessary for us to determine whether the trial court correctly concluded that David was not a competent witness to testify as to the standard of care in this case.

IV.

The judgment of the trial court granting Stinson summary judgment is affirmed. This case is remanded for collection of costs assessed in the trial court. Costs on appeal are taxed to the appellant, Linda F. Greene.

_____
CHARLES D. SUSANO, JR., JUDGE